# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SLATER ZORN, LLC, | ) |
|         Plaintiff, | ) Case No. 4:14-cv-00342-DW |
| v. | ) |
| LOWE KEY MEDIA, LLC, and GREGORY LOWE II, | ) |
|         Defendants. | ) |

## CONSENT JUDGMENT

This action having come before the Court on the consent of the parties for the entry of judgment, and this Court having jurisdiction of the parties herein, it is hereby ORDERED, ADJUDGED and DECREED AS FOLLOWS:

1. The Court has and will retain jurisdiction over this action and the parties hereto to enforce the provisions of this Consent Judgment ("Judgment").

2. Judgment is hereby entered in favor of Plaintiff Slater Zorn, LLC and against Defendant Lowe Key Media, LLC on Counts I, II, IV, and V of the Complaint and against Defendant Gregory Lowe II on Counts III and IV of the Complaint. Damages are awarded in favor of Plaintiff Slater Zorn, LLC and against Defendants Lowe Key Media, LLC and Gregory Lowe II, jointly and severally, in the amount of $441,500.98, plus post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961 assessed from February 3, 2015, until the judgment is paid. Count VI of the Complaint for conversion is dismissed with prejudice. The Court's October 14, 2014 Order on the Motion for Summary Judgment and the relief granted therein is incorporated into this Judgment.

3. Lowe Key and Mr. Lowe agree and covenant that they shall voluntarily turn over control of the Collateral[1] to Plaintiff and to otherwise facilitate transfer of the Collateral in a timely fashion on April 16, 2015, if the Judgment is not satisfied in full. During the period when execution on this judgment is stayed, Lowe Key, its agents and Mr. Lowe will cooperate with and provide Slater Zorn with information it reasonably needs to evaluate and maximize the sale of the collateral in the event full payment on the Judgment is not made on or before April 16, 2015.

4. In consideration for Defendants' cooperation outlined above in paragraph 3, Slater Zorn agrees to a 60-day stay of execution on the Judgment, up to and including April 15, 2015.

The Clerk of Court shall mark this case as closed.

IT IS SO ORDERED.


Date: February 20, 2015         /s/ Dean Whipple
                                Dean Whipple
                                United States District Judge

---

[1] "Collateral" is defined to include that collateral identified and defined by the Credit Agreement (Doc. 23-4, §1.1), the Promissory Note (Doc. 23-5, ¶ 12), and the Security Agreement (Doc. 23-6, ¶ 2 defining "Pledged Collateral").