IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SLATER ZORN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 14-CV-00342-DW |
| | ) | |
| v. | ) | |
| | ) | |
| LOWE KEY MEDIA, LLC, and | ) | |
| GREGORY LOWE, II, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Plaintiff Slater Zorn, LLC's ("Slater Zorn") Motion to Enforce Prior Contempt Order (the "Motion"). See Doc. 80. The deadline for Defendant Lowe Key Media, LLC ("Lowe Key") and Defendant Gregory Lowe, II ("Mr. Lowe") (collectively, the "Defendants") to respond was June 20, 2016. On June 29, 2016—and without seeking leave to file a response out of time—Defendants filed suggestions in opposition (Doc. 82). Slater Zorn then filed a reply brief (Doc. 83). As explained below, the Motion is GRANTED because Defendants are in contempt of a Court order.

I.

The facts of this case have been discussed in prior Orders and the parties' briefs; they are duplicated below only to the extent necessary. Following a show cause hearing on December 10, 2015, the Court entered a written Order (the "post-hearing Order"). See Doc. 71. In part, the post-hearing Order ruled that: (1) "Mr. Lowe has been in contempt of this Court's order dated August 25, 2015 (Doc. 55) from September 8, 2015 through at least November 18, 2015, during which time he has accrued daily sanctions of $250;" (2) "Defendants are sanctioned in the amount of $7,500 for their contumacious conduct in violation of the Order at Doc. 56;" and (3)

"Mr. Lowe must appear in his personal capacity and in the capacity as a representative for Lowe Key for post-judgment depositions by January 31, 2016. The depositions will occur on a mutually agreeable date and will be conducted at the law offices of Berkowitz Oliver Williams Shaw & Eisenbrandt LLP in Kansas City." Id. (emphasis in original).

At the December 10, 2015 hearing, the Court warned Mr. Lowe of the consequences for failing to comply with Court orders. Specifically, the Court warned Mr. Lowe that "if I find you continue to be in contempt and not making a good faith effort to produce these documents and to pay this judgment, I can order you to jail and order you to stay there until you purge yourself of contempt." See Transcript, 12/10/15 Hearing, p. 58:12-16. The Court further explained that "I can send the U.S. Marshals in New York City to pick you up and transport you by federal marshal transportation services to Kansas City, Missouri, to put you in jail . . . [y]ou're not immune from this court because you live out of state." Id., p. 58:20-24.

Despite the post-hearing Order and the Court's verbal warnings, Slater Zorn claims that Defendants failed to appear for their depositions. In particular, Slater Zorn states that "[a]lthough Slater Zorn allowed Mr. Lowe to repeatedly postpone these depositions until May 16—well past the deadline of January 31—Defendants still failed to appear for the depositions. In fact, on the last business day before the depositions were set to occur, Defendants' counsel informed Slater Zorn's counsel that Mr. Lowe would not appear for the depositions even though: 1) the Court ordered the depositions to be completed as far back as January 31st; 2) the parties had previously agreed to this date; 3) Defendants' counsel had acknowledged service of the

subpoenas confirming this date and commanding Defendants' appearance;[1] and 4) Slater Zorn had filed notices of the depositions on the docket." Doc. 81, p. 2.

Slater Zorn now moves to enforce the post-hearing Order and for a finding that Defendants are in contempt for failing to appear for their depositions. Among other relief, Slater Zorn requests that the Court order the incarceration of Mr. Lowe until such time as he purges himself of contempt. Because Defendants did not timely file their opposition brief, Slater Zorn also argues that it should not be considered by the Court.

As an initial matter, the Court will strike Defendants' untimely opposition brief. Defendants did not seek leave to file out of time, did not obtain leave to file out of time, and do not offer any excuse for failing to timely file their brief. The untimely filing also further delayed resolution of the Motion, which constitutes prejudice to Slater Zorn. Under these facts, the Court strikes Defendants' suggestions in opposition. See Fed. R. Civ. P. 6(b)(1)(B) (providing that if the time to act has expired, the court may extend the time only upon a showing of excusable neglect); Schoenfeld v. Keiber, 2007 WL 3046586, at * 1 (W.D. Mo. Oct. 16, 2007) ("Because Defendants failed to request leave to file their response, the Court strikes their Suggestions in Opposition as untimely.").

That said, Slater Zorn moves for the incarceration of Mr. Lowe. The Court will not grant this extreme relief without considering the merits of Defendants' opposition brief. Therefore, the Court will assume, *arguendo*, that Defendants' opposition brief had been timely filed so that the contents of that brief can be considered. The parties' arguments on the contempt issue are addressed below.

---

[1] The subpoenas, titled "Subpoena to Testify at a Deposition in a Civil Action," were directed to both Mr. Lowe and Lowe Key. The subpoenas required Defendants to appear for a deposition on May 16, 2016, and to produce specified documents at the deposition. See Docs. 81-10, 81-11.

II.

First, a "party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000). Slater Zorn met this burden by showing that Defendants failed to appear for their depositions and thus violated the post-hearing Order. Specifically, as discussed above, and despite several extensions, Defendants failed to appear for depositions that were set for May 16, 2016.

Second, because Slater Zorn met its burden, the burden shifts to Defendants to "show an inability to comply." Id. A "mere assertion of 'present inability' is insufficient to avoid a civil contempt finding." Id. at 506. Instead, "alleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why 'categorically and in detail,' (2) that their inability to comply was not 'self-induced,' and (3) that they made 'in good faith all reasonable efforts to comply.'" Id. (citations omitted).

In their opposition brief, Defendants state that they "do not dispute the general allegations contained in [Slater Zorn's] Motion." See Doc. 82, ¶ 1. Defendants state, however, that they failed to appear because Mr. Lowe "did not have any funds to travel round trip from New York to Kansas City and requested the depositions be postponed until September 6, 2016. [Slater Zorn's] counsel refused to reschedule the depositions and subsequently filed the subject Motion. Defendants are willing and able to appear for their post-judgment depositions via video Conference or in New York City. However, as stated above, Mr. Lowe does not have the funds available to travel round trip to Kansas City." Id., at ¶¶ 9-10.

Defendants thus assert that they are unable to comply with the post-hearing Order because of insufficient funds. This assertion is not supported by any documentation, such as an

affidavit from Mr. Lowe or financial records.  See Chicago Truck Drivers, 207 F.3d at 506 (recognizing that the "mere assertion of 'present inability' is insufficient to avoid a civil contempt finding").  Defendants have also failed to even argue—much less demonstrate—that their lack of financial resources was "not self-induced," and "that they made in good faith all reasonable efforts to" appear for their scheduled depositions.  Id.  Finally, the Court also agrees with Slater Zorn that "[g]iven Mr. Lowe's history of delays and Mr. Lowe's ability to travel the world while ignoring this Court's previous orders, his latest excuse[s] ring[] hollow." Doc. 81, p. 6.  Under these facts, the Court finds that Defendants are in contempt of the post-hearing Order.

After considering all possible sanctions, and as requested by Slater Zorn, the Court will order that Mr. Lowe be taken into custody until he purges himself of contempt.  See Coleman v. Espy, 986 F.2d 1184, 1190 (8th Cir. 1993) ("With coercive contempt penalties, the court issues sanctions such as fines or incarceration to force the offending party to comply with the court's order.").  This sanction is warranted in light of Defendants' current and prior violations of Court orders, and because prior monetary sanctions have proven to be ineffective.

III.

For the foregoing reasons, and for the additional reasons stated by Slater Zorn, it is hereby ORDERED that:

1. Slater Zorn's Motion to Enforce Prior Contempt Order (Doc. 80) is GRANTED;

2. Defendant Gregory Lowe II shall be taken into custody and incarcerated in a facility to be selected by the United States Marshal Service until such time as he purges himself of contempt by: a) producing the documents requested in the Subpoenas to Testify at a Deposition (Docs. 81-10, 81-11) to Slater Zorn's counsel; b) designating a properly prepared Rule 30(b)(6) witness on behalf of Lowe Key; c) selecting a mutually convenient date for the Lowe Key Rule

30(b)(6) deposition that is within twenty (20) days of this Order and making appropriate travel arrangements for the corporate representative to appear as a representative for a post-judgment deposition at the law offices of Berkowitz Oliver LLP in Kansas City; and d) selecting a mutually convenient date for the personal deposition of Gregory Lowe II that is within twenty (20) days of this Order and making travel arrangements for Mr. Lowe to appear in his personal capacity for a post-judgment deposition at the law offices of Berkowitz Oliver LLP in Kansas City;

3. Slater Zorn may move for the attorneys' fees and costs it has incurred as a result of Defendants' failure to comply with the post-hearing Order;

4. At this time, Slater Zorn's request for additional monetary sanctions is denied; and

5. Within thirty (30) days from the date of this Order, and within every thirty (30) days thereafter, Slater Zorn shall file a status report regarding the status of this case.

IT IS SO ORDERED.


Date: <u>September 2, 2016</u>     /s/ Dean Whipple
                                   Dean Whipple
                                   United States District Judge